### SLEEMAN *v.* HOTCHKISS *et al.*

(*Supreme Court, General Term, First Department.*   April 17, 1891.)

AMENDMENT OF PLEADINGS—DEATH OF PARTY DEFENDANT.

>   Pending an action against several defendants, one of them, who had not been served with the summons, and had not appeared, died, and no personal representative was appointed.   As to another defendant the action was discontinued by order to that effect.   Plaintiff thereafter moved to strike from the summons and complaint the names of these defendants and all allegations relating exclusively to them.   *Held* that, as such allegations in no manner tended to exonerate the other defendants from liability, plaintiff was not injured by the denial of the motion.   ·

Appeal from special term, New York county.

Action by Nathaniel Sleeman against Lewis Hotchkiss and others.   Plaintiff appeals from an order denying a motion to amend the complaint.   For former report, see 13 N. Y. Supp. 98.

Argued before VAN BRUNT, P. J., and LAWRENCE and DANIELS, JJ.

*Raphael J. Moses, Jr.,* for appellant.    *Henry Major,* (*E. Louis Lowe,* of counsel,) for respondents.

DANIELS, J.   The complaint has set forth with all necessary detail the terms of a contract made with the defendant Hotchkiss for the sale and transfer of shares of stock in the National Gas-Saving Company, which remains mainly unperformed.   The defendant Hotchkiss is since deceased, and no personal representative for his estate has been appointed.   The National Gas-Saving Company was also made a defendant in the action, and answered the complaint; but it has since been discontinued as to that defendant, and an order to that effect has been entered.   By the motion which has been denied by the order from which the appeal has been taken the plaintiff asked leave to strike out the names of these two defendants from the summons and complaint, and also the allegations relating exclusively to them.   A very considerable part of the complaint is devoted to allegations concerning the contracts with the defendant Hotchkiss, and his violation of their terms; but neither these allegations nor those relating to the National Gas-Saving Company in any manner tend to the exoneration of the other defendants from the liability charged against them, and striking them out of the complaint, and the names of these two defendants from the summons and complaint, would render the action no more complete or effectual against the other defendants than it already is.   If there is a cause of action set forth against them, it would in no respect be improved or advanced by omitting the names and the allegations against Hotchkiss and the gas company.   If there would be a cause of action against the other defendants without the names of these two defendants and the allegations concerning them, that cause of action is now in the complaint, capable of being enforced as the complaint has already been framed.   Adding these other parties, and making the allegations which have been made con-

cerning them, in no possible way can affect that cause of action. It is no objection to the complaint that it has stated too much if a cause of action has been inserted in it. To that extent the action may be maintained, even if other persons have been named as parties, and allegations have been made to set forth their liability. It would accordingly not change or benefit the plaintiff's action to strike out these two names and the allegations made to charge the parties represented by them; whether they are in or out of the complaint, the effect as to the other defendants will be the same. The plaintiff has therefore suffered no injury by the denial of the motion. If in any possible view it may become important to show that the gas company is out of the case, that can be done by producing the order of discontinuance; and proof of the facts that the defendant Hotchkiss was not served with the summons, and did not appear in the action, and is now deceased, will most effectually exclude him from it, and deprive the allegations intended to affect him of all possible importance. These two parties and the allegations concerning them will then be as completely out of the action as they would be if they were with the utmost particularity stricken from the summons and complaint. No practicable end would be attained by the motion even if it had proved successful. It has been urged that this motion was sanctioned when the plaintiff was permitted to withdraw a juror at the circuit, and given leave to apply for an amendment of the complaint; but it does not appear from anything in the order that these amendments were intended by the court. It is most probable that they were not; for it is not the practice to allow a juror to be withdrawn to permit the plaintiff to move for an amendment of the complaint of a merely formal nature. The probability is that the justice presiding at that trial considered the complaint so defective as to present no cause of action, and to remove that defect suspended the trial, to afford the plaintiff the opportunity to move to amend and avoid that defect. The order as it has been entered supplies no support to this motion. There was no ground for the amendments which the plaintiff asked for liberty to make, and the order should be affirmed, with $10 costs and the disbursements. All concur.